IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **PROXIMITY SENSORS OF TEXAS, LLC**,<br><br>                Plaintiff,<br><br>v.<br><br>**MICROSOFT CORP.**,<br><br>                Defendant. | Case No. 6:17-cv-573<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Proximity Sensors of Texas, LLC ("PST" or "Plaintiff") files this Complaint against Microsoft Corp. ("Defendant") for infringement of U.S. Patent No. 7,050,043 ("the '043 patent," "the patent-in-suit," or "the asserted patent").

## THE PARTIES

1. PST is a Texas limited liability company with its principal place of business located at 5068 W. Plano Parkway, Suite 300, Plano, Texas 75093.

2. Microsoft Corporation is a corporation organized and existing under the laws of the state of Washington with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Defendant does business in the State of Texas and in the Eastern District of Texas. Defendant is registered to do business in Texas and may be served with process at its agent, Corporation Service Company dba CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. PST brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b). Defendant has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, and has a regular and established place of business in this district. Defendant maintains a regular and established place of business in this district at least at 2601 Preston Road, Suite 1176, Frisco, Texas 75034.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,050,043)

6. PST incorporates paragraph 1 through 5 herein by reference.

7. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

8. PST is the owner of the '043 patent, entitled "Optical Apparatus," with all substantial rights to the '043 patent, including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '043 patent is attached as Exhibit 1.

9. The '043 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10. The '043 patent was subject to Reexamination Request No. 90/011,093, filed on July 14, 2010.

11. As a result of Reexamination Request No. 90/011,093, the United States Patent and Trademark Office issued Ex Parte Reexamination Certificate (8445th) on August 2, 2011.

12. Independent claims 1 and 7 of the '043 patent were amended in reexamination, and determined to be patentable in amended form as stated in Ex Parte Reexamination Certificate (8445th).

13. Independent Claim 1 of the '043 patent recites (as shown in Ex Parte Reexamination Certificate (8445th)):

> An optical apparatus for use on an object surface, comprising:
> an IC package structure, having a first compartment and a second compartment, wherein the first compartment has a first opening and the second compartment has a second opening, and wherein at least one of said first opening and said second opening is a partial opening partially uncovering said corresponding first compartment or second compartment at a side thereof;
> a light emitting device bonded in the first compartment, wherein light emitted from the light emitting device passes through the first opening and is reflected by the object surface; and
> an optical sensor bonded in the second compartment, and receiving the light reflected through the second opening from the object surface.

14. Original claims 2-6 and 8-12 of the '043 patent were determined to be patentable as a part of Reexamination Request No. 90/011,093 and Ex Parte Reexamination Certificate (8445th).

**(Direct Infringement)**

15. Defendant has, and continues to, directly infringe one or more claims of the '043 patent in this judicial district and elsewhere in the United States, including at least claims 1 and 5, by, among other things, making, using, selling, offering to sell, and/or selling within, and/or importing into, the United States smartphones incorporating a proximity sensor ("the Microsoft Accused Devices"), including but not limited to the Microsoft Lumia 650, 950, 950XL, 550, 64, 640XL, 735, 535, and 435 phones.

16. On information and belief, each of the Microsoft Accused Devices incorporates an Avago APDS-990x proximity sensor (or sensor of similar design). The proximity sensor in each Microsoft Accused Device is an optical apparatus for use on an object surface that comprises an IC package structure having a first compartment and a second compartment, where the first compartment has a first opening and the second compartment has a second opening, and wherein at least one of said first opening and said second opening is a partial opening partially uncovering said corresponding first compartment or second compartment at a side thereof. The proximity sensor in each Microsoft Accused Device includes a light emitting device (e.g., an LED) bonded in the first compartment and an optical sensor bonded in the second compartment, and is configured so that light emitted from the light emitting device through the first opening, when reflected off an object surface, is received through the second opening by the optical sensor.

17. Defendant is liable for these direct infringements pursuant to 35 U.S.C. § 271.

**(Indirect Infringement)**

18. PST also contends that Defendant has and continues to indirectly infringe the '043 patent by inducing end users of Microsoft Accused Devices to infringe at least claims 1 and 5 through their use of Microsoft Accused Devices.

19. Defendant has had knowledge of the '043 patent since at least service of the original complaint in this matter.

20. Despite having knowledge of the '043 patent, Defendant has specifically intended and continues to specifically intend for persons who acquire and use Microsoft Accused Devices to use such devices in a manner that causes use of the proximity sensor(s) therein and, thus, direct infringement of the '043 patent, including at least claims 1 and 5.

21. More specifically, despite having knowledge of the '043 patent, Defendant has provided, and continues to provide, source code and instructional materials, such as user guides, owner manuals, and similar online resources (available via https://support.microsoft.com/en-us/products/mobile-devices, for instance) that specifically cause, teach, and encourage customers and other end users to use the Microsoft Accused Devices in a way that results in use of the proximity sensor(s) therein. This is evidenced, for example, when Defendant encourages and instruct customers and other end users in the use and operation of the Microsoft Accused Devices to make phone calls, which (upon information and belief) causes the device to use the proximity sensor to determine whether the phone has been placed near a user's ear. By providing such instruction, Defendant knows (and has known) that its actions have, and continue to, actively induce infringement.

22. PST has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to PST in an amount that adequately compensates PST for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

PST requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

PST asks that the Court find in its favor and against Defendant and that the Court grant PST the following relief:

a. Judgment that one or more claims of the '043 patent have been infringed directly or indirectly either literally and/or under the doctrine of equivalents by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d. That PST be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e. That PST be granted such other and further relief as the Court may deem just and proper under the circumstances.


DATED: October 12, 2017                    PROXIMITY SENSORS OF TEXAS LLC

                                                     By:    /s/ *Ryan Griffin*
                                                             Ryan Griffin
                                                             Texas Bar No. 24053687
                                                             NELSON BUMGARDNER PC
                                                             3131 W. 7th Street, Suite 300
                                                             Fort Worth, Texas 76107
                                                             P. 817-377-9111
                                                             ryan@nelbum.com

                                                             Timothy E. Grochocinski
                                                             Illinois Bar No. 6295055
                                                             Joseph P. Oldaker
                                                             Illinois Bar No. 6295319
                                                             NELSON BUMGARDNER PC
                                                             15020 S. Ravinia Ave., Suite 29
                                                             Orland Park, Illinois 60462
                                                             P. 708-675-1975
                                                             tim@nelbum.com
                                                             joseph@nelbum.com

                                                             *COUNSEL FOR PLAINTIFF PROXIMITY SENSORS OF TEXAS LLC*